UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) Criminal No. 1:18-cr-10426 |
| | ) |
| | ) |
| **DONG LEE** | ) |

## SENTENCING MEMORANDUM

The Defendant, Dong Lee, stands convicted of five counts of bank robbery in violation of 18 U.S.C. § 2113(a).  As the presentence report recounts in unsparing detail, Mr. Lee has a longstanding substance use disorder.  This chronic affliction has profoundly altered the trajectory of his life, straining his relationships with loved ones and fracturing his ability to lead a normal life.  Mr. Lee's criminal history reflects this lifelong struggle, with numerous convictions for shoplifting, larceny, and drug possession offenses.  While Mr. Lee's history is consistent with a drug user supporting his addiction through low-level crime, its volume does him no favors.  By virtue of his criminal history, he faces an advisory guidelines sentence of 110-137 months.

Mr. Lee submits that a close examination of the sentencing factors enumerated in 18 U.S.C. § 3553(a)—particularly "the need to avoid unwarranted sentence disparities" between similarly situated defendants—weighs in favor of a downward variance.  While his crimes no doubt call for substantial punishment, they also provide an opportunity for Mr. Lee to receive much needed substance abuse treatment and achieve lasting sobriety.  Accordingly, he urges the court to impose a sentence more in keeping with that received by

his codefendant. Specifically, Mr. Lee requests that the court sentence him to 72 months imprisonment, to be followed by three years of supervised release. This sentence would be "sufficient, but not greater than necessary" to accomplish the goals of sentencing. 18 U.S.C. § 3553(a).

## THE OFFENSES AND LEE'S CONFESSION

In summary, Dong Lee committed a series of bank robberies throughout the metro Boston area. He did so in concert with his codefendant, Charles Wheeler. The robberies were accomplished via notes. Although the notes threatened the presence of a gun, no weapons were possessed and the robberies occurred without any acts of violence.

On September 14, 2018, following the final robbery at the Crescent Credit Union in Brockton, Wheeler and Lee were spotted in a vehicle on a nearby highway. Wheeler was driving. When signaled to pull over, Wheeler initiated a lengthy high speed chase, eventually crashing off the road in the Attleboro area. Lee was arrested shortly thereafter. Wheeler proceeded to steal a car from a nearby gas station, leading authorities on another high speed vehicle pursuit before eventually being arrested.

Lee was interviewed shortly after his arrest. He admitted to the series of robberies for which he now stands convicted. He stated that he committed the robberies to obtain money for heroin, explaining that his addiction was so severe he had not eaten for several days.

## LEE'S HISTORY AND CHARACTERISTICS

Born in South Korea, Mr. Lee came to the United States at the age of one and is a naturalized citizen. He was raised in Rhode Island, where his father worked as a

microbiologist and his mother later operated a restaurant. He had a normal, middle-class upbringing. However, as recent immigrants to the United States, his parents were strict and old-fashioned relative to his peers. Throughout his childhood, Mr. Lee often felt culturally isolated and had trouble fitting in. After graduating high school, where he had excelled as a hockey player, he moved to California.

While there, he fell into a "party scene" and began to use drugs regularly. He abandoned a photography course and was unable to support himself, returning home to Rhode Island approximately six months later. His parents sent him to live with relatives in Korea in an attempt to chart a more productive course in life. Their efforts were not successful. After spending a year or so in Korea, Mr. Lee returned to California and quickly found himself engaging in the same destructive pursuits. Again, he was forced to move back to Rhode Island after a few months.

This pattern would continue to repeat itself throughout Mr. Lee's adulthood, as substance abuse continually derailed his attempts to lead a normal life. After regrouping at his family home, working in his mother's restaurant and saving money, he repeatedly ventured out on his own in a variety of settings. Upon doing so, his life would inevitably descend into disarray and court involvement. As a young adult, Mr. Lee was also diagnosed with several psychiatric conditions—including depression, anxiety, and a mood disorder—but found himself self-medicating. For several years, Mr. Lee also gambled compulsively, a behavior closely correlated with his substance use.

There were bright spots. Mr. Lee recalls being sober, working, and doing well at the time of his son's birth in 1998. However, he was then arrested for a marijuana charge

and shortly thereafter his father died unexpectedly. Mr. Lee was blamed for this event by some in his family, who believed that stress arising out of Mr. Lee's troubles had contributed to his father's passing. Mr. Lee also had a long stretch of sobriety in 2003-2004 while living at home, working at his mother's restaurant, and motivated by the presence of his young son in his life.

However, the inescapable truth is that Dong Lee's adult life has been utterly derailed by his substance use. It impaired his relationships with his parents prior to their passing. While Mr. Lee remains on friendly terms with one of his sisters, he is estranged from another. He is not close with his 22 year old son, who considers him to be a loser, an assessment with which Mr. Lee does not disagree. Now 50 years old and facing a lengthy incarceration, he hopes to use the time ahead to find lasting sobriety, repair relationships, and write a new chapter for himself.

## ARGUMENT

The Sentencing Guidelines no longer are binding on the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Instead, under 18 U.S.C. § 3553(a), the Court should impose a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing. In so doing, a sentencing court "may not presume that the Guidelines range is reasonable" but instead must, using the factors set forth in § 3553(a), "make an individualized assessment based on the facts presented." *Gall v. United States*, 128 S.Ct. 586, 596 (2007).

The First Circuit has stressed that after *Kimbrough* sentencing courts are to conduct a "more holistic inquiry" and that "section 3553(a) is more than a laundry list of discrete

sentencing factors; it is, rather, a tapestry of factors, through which runs the thread of an overarching principle." *United States v. Yonathan Rodriguez*, 527 F.3d 221, 228 (1st Cir. 2008). That overarching principle is to "impose a sentence sufficient but not greater than necessary." *Id.* In reaching a decision on what constitutes an appropriate sentence, the district court should "consider all the relevant factors" and "construct a sentence that is minimally sufficient to achieve the broad goals of sentencing." *Id.* (emphasis added).

In this case, Dong Lee submits that a sentence of 72 months—together with 3 years of supervised release tailored to address his substance abuse disorder—is minimally sufficient to achieve the purposes of § 3553(a). It provides, as it must, a lengthy punitive sanction balanced with the robust substance abuse treatment that will be necessary for his rehabilitation.

The offenses in this case are, to be sure, serious. Mr. Lee acknowledges this and has taken responsibility for his actions from the moment of his arrest. This notwithstanding, it should be noted that these robberies were the product of ruinous substance abuse and impaired thought. They were done impulsively, with little in the way of planning. The unsophisticated nature of Mr. Lee's conduct can be readily distinguished from more professional operations.

This type of offense is also uncharacteristic for Mr. Lee. While Mr. Lee's criminal history is lengthy, it is mainly compromised of offenses consistent with a drug user committing low-level offenses (shopliftings, larcenies, drug possession). In a sense, its length is a reflection of the relatively minor offenses comprising it. Mr. Lee could hardly have accumulated such an extensive criminal history if his crimes were so grave as to

render him incarcerated for longer periods of time.  Indeed, most sentences on his record are measured in days or months, not years. The longest period of incarceration received by Mr. Lee was a 3 year sentence in 1994.

As such, the proposed 72 month sentence would effectively double the longest sentence he has ever served and provide adequate punishment. And while Mr. Lee's lengthy criminal history legitimately raises concerns of recidivism, it bears noting that he will be in his fifties upon the completion of his sentence. In studying the effect of age on recidivism, the Sentencing Commission has found that older offenders are less likely to recividate, particularly as they advance into their more advanced years.[1] Accordingly, Mr. Lee's age alone provides some reason for optimism. Mr. Lee would also suggest that the deterrence of future criminal conduct can also be accomplished by ensuring that he remain sober. His personal history indicates that this, far more than the threat of incarceration, will serve as a more effective deterrent.

Finally, Mr. Lee also asks that the Court consider the need to avoid unwarranted sentence disparities among similarly situated individuals. On October 27, 2020, this Court sentenced Mr. Lee's codefendant Charles Wheeler to 84 months of imprisonment. Per the government's sentencing memorandum, Mr. Wheeler's criminal history was also extensive and more serious than Mr. Lee, including a 1985 conviction for robbery, a 1992 conviction for armed robbery, and a 2015 conviction for robbery, in addition to numerous other crimes of a violent nature. *See Government Sentencing Memorandum* [dkt. #96] at p. 4. Mr.

---

[1] https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders

Wheeler's conduct in this case was also broader and more egregious than was Mr. Lee's, as Mr. Wheeler was responsible for leading law enforcement on a high-speed chase resulting in a crash, stealing another car, and then initiating another high speed chase before being captured.  Accordingly, the proposed sentence of 72 months would appropriately measure Mr. Lee's relative culpability and would prevent unwarranted disparity between the two.

## CONCLUSION

For the foregoing reasons, Dong Lee submits that a sentence of 72 months imprisonment, to be followed by three years of supervised release, would be "minimally sufficient" to promote the sentencing goals under 18 U.S.C. § 3553(a).  He further asks the Court to impose no fine, as he lacks the ability to pay one.

Respectfully submitted,

DONG LEE
by his attorney
*/s/ Scott Lauer*
Scott Lauer (BBO #667807)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061 (phone)
617-223-808   (fax)
Scott_Lauer@fd.org

**Certificate of Service**

I, Scott Lauer, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"). A copy will also be provided via email to U.S. Probation Officer Ashley Berry.

Date: February 11, 2021                                    /s/ Scott Lauer
                                                           Scott Lauer