UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                                   )
    v.                        )     Criminal No. 18-10426-RGS
DONG LEE,                 )
    Defendant.          )

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States submits this Sentencing Memorandum in the above-captioned case, currently scheduled for sentencing on February 16, 2021. For the reasons outlined in this memorandum, the Government believes that a sentence of 110 months' imprisonment, the low-end of the guidelines, is the appropriate sentence in this matter. Following the completion of this sentence, the Government requests that the defendant be on supervised release for a period of 36 months, be ordered to pay restitution in the amounts listed in the Superseding Information, and be required to pay a mandatory special assessment of $500. The Government's recommendation is fair and just, and it takes into consideration factors outlined in 18 U.S.C. § 3553 and is driven by the facts in this case and Lee's life-long violent criminal history.

## I.   PROCEDURAL HISTORY

On September 14, 2018, Charles Lamont Wheeler ("Wheeler"), and a co-defendant, Dong Lee ("Lee") were arrested and charged

with the September 14, 2018 robbery of a branch of the Crescent Credit Union in Brockton, Massachusetts.

On February 27, 2020, a five-count Superseding Information was filed charging Wheeler and Lee with robberies occurring between September 8, 2018 and September 14, 2018, in violation of 18 U.S.C. § 2113(a). On March 10, 2020, Wheeler pled guilty to the five-count Superseding Information, and on October 27, 2020 was sentenced to 84 months' imprisonment, three years of supervised release, a special assessment of $500.00, and restitution as outlined in the Superseding Information. The sentence was at the low-end of the guidelines as determined by US Probation and adopted by this Court.

On October 13, 2020, Lee pled guilty to the five-count Superseding Information.

## II.   **THE OFFENSE CONDUCT**

The facts as stated in the Pre-Sentence Report ("PSR")[1] are uncontested. Between September 8, 2018 and September 14, 2018, five federally insured banks/credit unions were robbed in the Greater Boston area. Based on the similarity of the robberies, the descriptions of the robbers provided by bank tellers and captured on the banks' video surveillance cameras, the FBI

---

[1] The PSR dated February 9, 2021.

2

opined that the same two individuals were involved in committing these robberies.

On September 14, 2018, two individuals later identified as Wheeler and Lee robbed a branch of the Crescent Credit Union in Brockton. Both individuals, following a high-speed car chase, were arrested by the Massachusetts State Police in North Attleboro. Both Wheeler and Lee were ordered detained and remain in the custody of the United States Marshal.

III. **GUIDELINE ANALYSIS**

    **A. Combined Adjusted Offense Level ¶ 58**

The Government agrees with Probation that the Combined Offense Level, taking into consideration the five counts of the Superseding Information, is 28.

    **B. Total Offense Level ¶ 62**

The Government agrees with Probation that the Total Offense Level, taking into consideration Lee's acceptance of responsibility, is 25.

    **C. The Defendant's Criminal History ¶85**

The Government agrees with Probation's conclusions that the defendant's criminal convictions result in a Criminal History score of 49, and that a Criminal History score of 49 places Lee in Criminal History Category VI.

### D. Sentencing Options ¶ 188

The Government further agrees with Probation that with a Total Offense Level of 25, and a Criminal History score of IV, Lee's guideline imprisonment range is 110-137 months' imprisonment.

## IV. <u>SENTENCING RECOMMENDATION</u>

18 U.S.C. § 3553(a) requires a sentencing court to consider specific enumerated factors when determining an appropriate sentence. These factors include: 1) the nature and circumstances of the offense and the history and characteristics of the defendant and 2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide for the needs of the defendant.

### A.   Lee's Lengthy Record of Criminal Convictions and Criminal Behavior

Lee has a lengthy record of criminal arrests and convictions commencing in 1988 at the age of 20 and has continued uninterrupted for 30 years. According to the PSR, Lee has been arrested on over 54 occasions between 1988 and 2018 and convicted of the majority of these offenses resulting in an

astonishing 49 Criminal History Points[2].  These convictions

include:

- 1988  Shoplifting;
- 1990  Fraudulent Credit Card Use and Larceny;
- 1990  Trespassing;
- 1990  Malicious Mischief;
- 1990  Disorderly Conduct;
- 1990  Disorderly Conduct;
- 1993  Disorderly Conduct;
- 1993  Larceny;
- 1993  Forgery;
- 1994  Forgery and Counterfeiting;
- 1994  Larceny;
- 1994  Driving after Suspension;
- 1994  Driving after Suspension;
- 1994  Operating Motor Vehicle with Suspended License;
- 1994  Larceny;
- 1994  Disorderly Conduct;
- 1994  Forgery and Counterfeiting;
- 1997  Driving after Suspension;
- 1998  Domestic Violence and Simple Assault;
- 1998  Manufacture/Deliver Marijuana and Larceny;
- 1998  Assault and Battery;
- 1998  Delivery of Marijuana;
- 1999  Domestic Vandalism;
- 2001  Violation of no contact order;
- 2001  Grand Larceny;
- 2002  Criminal Possession of Controlled Substance &
        Obstruct Government Administration;
- 2002  Larceny;
- 2004  Fraudulent checks under $1000;
- 2004  Forgery and Counterfeiting;
- 2004  Misdemeanor Shoplifting and Obstructing Police
        Officer;
- 2006  Drive Motor Vehicle without Consent of Owner and

---

[2] The Government would note that a number of these cases
were merged in state court, but nevertheless contribute in
determining Lee's Criminal History under the US Sentencing
guidelines.

                  Driving with Suspended License;

- 2007  Misdemeanor Shoplifting;
- 2007  Felony Shoplifting, Habitual Shoplifting, and Obstructing Police Officer;
- 2008  Felony Shoplifting, Habitual Shoplifter, and Conspiracy;
- 2008  Felony Shoplifting;
- 2009  Misdemeanor Shoplifting and Conspiracy;
- 2010  Felony Shoplifting;
- 2011  Misdemeanor Shoplifting;
- 2011  Misdemeanor Shoplifting;
- 2012  Possession of Stolen Motor Vehicle or Parts, Receiving Stolen Goods Under $1500, and Resisting Arrest;
- 2012  Felony Shoplifting;
- 2013  Felony and Shoplifting and Habitual Shoplifter;
- 2013  Felony and Shoplifting and Habitual Shoplifter;
- 2013  Felony Shoplifting;
- 2013  Felony Shoplifting (3 Counts);
- 2013  Larceny;
- 2014  Fugitive from Justice;
- 2015  Fugitive from Justice;
- 2015  Larceny over $250;
- 2015  Possession of Cocaine;
- 2015  Misdemeanor Shoplifting;
- 2015  Felony Shoplifting (2 Counts);
- 2016  Driving with Suspended License;
- 2016  Felony Shoplifting and Habitual Shoplifter;
- 2016  Fugitive from Justice;
- 2016  Larceny under $250 and Vandalize Property;
- 2016  Possession of Cocaine (2nd Offense);
- 2016  Larceny under $1500, Conspiracy, Intimidate Witness/Victim, and Failure to Report a Death;
- 2017  Possession of Cocaine;
- 2018  Domestic Simple Assault and Battery and Domestic Disorderly Conduct;
- 2018  Larceny Over $250;
- 2018  Knowingly Receive Stolen Property;
- 2018  Possess Class B Drug.

These convictions have resulted in Lee being committed to prison on 33 occasions with prison sentences ranging between ten days to 42 months' imprisonment in both state (Rhode Island and Massachusetts) and Federal Prison. In almost *every case* where Lee has been placed on probation or given a suspended sentence, Lee has been found in violation of the terms of his release and sanctioned.

The Government would note that during extended periods of imprisonment in Rhode Island, Lee incurred 47 disciplinary reports to include possession of contraband, disobeying orders, fighting, assault and battery, tattooing, being under the influence, and threats (PSR ¶ 116). Since being detained on the instant matter, Lee has incurred four disciplinary reports to include positive drug tests(3x) and malicious destruction of property (PSR ¶ 4).

### B.   The Instant Offense

On September 14, 2018, Wheeler and Lee robbed a branch of the Abington Bank in Avon, threatening to shoot the victim teller. A short time later, Wheeler and Lee robbed a branch of the Crescent Credit Union in Brockton. Following that robbery, Wheeler and Lee exited the credit union, escaped in a motor vehicle, and were involved in a hit-and-run auto accident with an innocent victim. Undeterred, Wheeler then led the responding law enforcement officers on a high-speed auto chase throughout

neighboring communities. This chase eventually concluded when Wheeler crashed his vehicle into a wooded area in Attleboro, Massachusetts, and then escaped on foot. Lee, the passenger in the auto, also fled but was later located and arrested.

### C.   Sentencing Factors Under 18 U.S.C. § 3553

Lee, age 50, has led a violent criminal life driven by a total disregard for the law and by consistent drug and alcohol abuse. This violent behavior and drug and alcohol abuse cannot continue.  As stated above, Lee has been placed on probation and committed to prison on numerous occasions. Yet despite these lengthy periods of imprisonment or under the supervision of probation, Lee has returned to drug abuse and violent criminal behavior.

During the instant robbery spree, Lee and Wheeler, without regard of the consequences, endangered the lives and safety of bank employees, innocent pedestrians on the initial high-speed escape, innocent drivers on the state highways, and the lives and safety of the responding law enforcement officers. Lee had little or no interest in stopping this violent behavior. Further violence was only prevented by the actions of the Massachusetts State Police and other responding law enforcement officers.

The Government is cognizant and not unsympathetic to Lee's life-long drug addiction and hopes that during his anticipated period of imprisonment he will avail himself of what appears to

be much need counseling to address his drug and alcohol issues. Additionally, during this period of imprisonment Lee will have the opportunity to address any mental health issues through available programs and counseling.

**V.    CONCLUSION**

Lee's actions during this recent robbery spree are unacceptable and cannot be treated lightly. Lee has a lengthy criminal record and has demonstrated a refusal to conform his behavior to acceptable societal norms. This behavior cannot and should not continue. The Government is well within its rights to demand a maximum sentence of 20 years' imprisonment on each count of the Information. The Government however, for the reasons stated herein, requests this Court impose a sentence of 110 months' imprisonment, 36 months of supervised release, restitution and a mandatory special assessment of $500 as an appropriate sanction.

**THIS SECTION LEFT INTENTIONALLY BLANK**

This is a just and appropriate sentence as dictated by Wheeler's own senseless and violent actions, and by Wheeler's own decisions throughout his lifetime. This type of sentence sends a clear message that this type of violent criminal behavior cannot and will not be accepted.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:  **/s/ Kenneth G. Shine**
KENNETH G. SHINE
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

**/s/ Kenneth G. Shine**
KENNETH G. SHINE
Assistant U.S. Attorney